UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GIBRILL MUSTAPHA, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § CIVIL ACTION NO. 4:12-CV-01924 <br> § <br> HSBC BANK, USA, *et al*, § <br> § <br> Defendants. § | |

## ORDER

Before the Court is the Motion for Attorney's Fees and Costs filed by Defendants HSBC Bank USA, NA and Wells Fargo Bank, N.A. Plaintiffs have not filed any response to this Motion nor have they filed any objections to the evidence attached to the Motion. Having considered the applicable legal authorities and all matters of record, the Court **GRANTS** Defendants' motion.

I. **Background**

As set out in more detail in the Court's recent Memorandum and Order (Dkt. #49), this case is the latest in a series of lawsuits filed by the Mustaphas regarding the property at issue. On March 2, 2010, Wells Fargo foreclosed on the property. HSBC then purchased the property at the foreclosure sale. The Mustaphas have filed myriad lawsuits relating to the property, the associated loan documents, and foreclosure—appearing in seven different courts over the past two-and-a-half years.

In 2012, the Mustaphas again sued Defendants in this Court, bringing twenty-five various claims against Wells Fargo and HSBC. The Court dismissed their suit in its

entirety on February 20, 2013, on the grounds that all of their asserted claims are barred by *res judicata*. Defendants now seek to recover their attorney's fees and costs.

## II. Analysis

When state law governs the substantive issues in a case, state law also controls both the award and reasonableness of attorney's fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461-62 (5th Cir. 2002). Under Texas law—the governing law in this diversity case—attorney's fees or expenses incurred in a lawsuit are not recoverable unless authorized by statute or contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992).

In support of their claim for attorney's fees, Defendants rely on Section 7(E) of the Note executed by the Mustaphas:

> 7(E). **Payment of Note Holder's Costs and Expenses:** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.[1]

The Court agrees that this contractual provision allows Defendants' to recover their reasonable attorney's fees and expenses from the Mustaphas.

Texas courts accept the lodestar method as a means of calculating reasonable attorney's fees. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012). The Texas Supreme Court has outlined a two-step process for calculating the lodestar value. *El Apple I, Ltd.*, 370 S.W.3d at 759. Courts first determine the reasonable hours spent by counsel on the case and a reasonable hourly rate—the number of hours is then multiplied

---

[1] Dkt. 24-3, p. 8.

by the hourly rate to arrive at the lodestar, or base fee. *Id.* Once the lodestar value is calculated, the court may then adjust the amount up or down if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *Id.* The *Texas Disciplinary Rules* provide the non-exhaustive list of factors for consideration:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*El Apple I, Ltd.,* 370 S.W.3d at 760 (citing TEX DISCIPLINARY R. PROF'L CONDUCT 1.04(b)); *see also Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818–19 (Tex.1998). These factors mirror those set out by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th. Cir. 1974). Because *Mathis* mandates the application of state law in this case, this Court performs the analysis described in *El Apple* to determine the reasonableness of the requested fees. *Mathis* 302 F.3d at 461-62.

Here, Defendants rely exclusively on the Affidavit of Branch A. Sheppard and eight attached pages of billing invoices. Texas courts will accept an uncontroverted affidavit filed by the movant's attorney setting forth the attorney's qualifications, opinion

regarding reasonable attorney's fees, and basis for the opinion as sufficient evidence for an analysis of the reasonableness of the requested fees. *See, e.g., Sheffield Dev. Co. v. Carter & Burgess, Inc.*, 2012 Tex. App. LEXIS 10599 (Tex. App.—Fort Worth Dec. 21, 2012)(pet. dismd.)(upholding attorney's fees award, finding counsel's uncontroverted affidavit presented competent evidence of three of the *Arthur Anderson* factors—the time and labor required, the customary local fee, and the experience of the lawyers providing services.."). Mr. Sheppard's uncontested affidavit sets forth his qualifications, including that he has been a licensed attorney in the State of Texas for eleven years and is familiar with the usual and customary fees charged in the Southern District of Texas for similar representation. The attached billing invoices show that several different attorneys at the law firm of Johnson DeLuca Kurisky & Gould, P.C. ("JDKG") performed a total of 114.2 hours of legal services at rates ranging from $275 per hour to $400 per hour. (*See* Def.'s Suppl., Dkt. 51). The bulk of this work was performed by associates Branch M. Sheppard, Mark A. Bankston, Jeffrey Lawson, and Justin Allen, and this work included investigating the case, researching applicable law, drafting various pleadings, and conferring with other attorneys. The affidavit establishes that the billing rate for these attorneys is comparable to rates charged by attorneys of similar skill and experience in this locality. JDKG attorneys drafted an answer, removal documents, responses, and a motion to dismiss on behalf of Defendants. In addition, they appeared at multiple hearings, many times only to have the hearing rescheduled when the Mustaphas failed to attend the hearing at the set times without timely notice to either the Court or opposing counsel. Furthermore, the Mustaphas have not objected to any of the hours of work

reported by JDKG as being duplicative, redundant, excessive, or otherwise improper. Finally, the amounts sought include expenses that are detailed in the Affidavit and are reasonable for a case of this kind. Reviewing these facts in light of the above case law and factors, the Court finds that the requested attorney's fees and expenses are reasonable.

## Conclusion

Upon review of the written submissions of Defendants, and after giving due consideration to the relevant factors, the Court determines that $46,509.02 is a reasonable and appropriate amount for attorney's fees and expenses in this case. Accordingly, Defendant's Motion is **GRANTED**.

Signed at Houston, Texas, on May 28, 2013.

*George C. Hanks*
George C. Hanks, Jr.
United States Magistrate Judge